JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6505 PA (JEMx) | Date | September 11, 2013 |
|---|---|---|---|
| Title | Manny Jimenez v. Sears Holdings Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Kmart Corporation and Sears Holdings Management Corporation ("Removing Defendants") on September 5, 2013. Removing Defendants assert that this Court has jurisdiction over the action based on the Court's diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). Although CAFA removed many obstacles to bringing a class action in federal court, the burden of establishing that jurisdiction exists still remains on a removing defendant. Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).

Under CAFA, the district courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2). CAFA defines a "class action" to mean "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Here, Removing Defendants allege in their Notice of Removal that removal is appropriate under CAFA because "plaintiff purports to bring his claims on a 'representative' basis. Although he does not specify that he brings any claims as 'class claims,' plaintiff's allegations and requested relief demonstrate that he is bringing nearly all of his claims as class claims, because only through a class

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6505 PA (JEMx) | Date | September 11, 2013 |
|---|---|---|---|
| Title | Manny Jimenez v. Sears Holdings Corp., et al. | | |

action could he obtain the relief he seeks." (Notice of Removal ¶ 18.) According to the Complaint, plaintiff Manny Jimenez ("Plaintiff") has filed the action "on behalf of himself and acting for the interests of other current and former employees." (Complaint 2:1-2.) The Complaint also alleges that Plaintiff "files this action on behalf of other current and former employees of Defendants . . . pursuant to Labor Code §§ 2698, et seq., of the Private Attorneys General Act of 2004 ('PAGA') seeking penalties, attorneys' fees, and injunctive relief. Plaintiff and all other current/former employees are collectively referred to as 'Plaintiffs.'" (Complaint 2:9-13.) The Complaint labels each of Plaintiff's seven causes of action as an "Individual and Representative Claim." The Complaint does not, however, ever allege that it is being pursued as a class action. Nor does it reference Federal Rule of Civil Procedure 23 or California's analogous Code of Civil Procedure section 382. Moreover, the Complaint never attempts to provide a class definition. In fact, the word "class" and the phrase "class action" never appear in the Complaint.

At most, based on what is actually alleged in Plaintiff's Complaint, is a representative action under PAGA. "The Ninth Circuit has not yet reached the issue of whether a representative action under PAGA falls within CAFA;s definition of a 'class action.'" Sample v. Big Lots Stores, Inc., No. C 10-03276 SBA, 2010 WL 4939992, at *3 (N.D. Cal. Nov. 30, 2010). The California Supreme Court, however, has concluded that a PAGA action differs from a class action and is not subject to the procedural requirements necessary to maintain a class action. See Arias v. Superior Court, 46 Cal. 4th 969, 981, 95 Cal. Rptr. 3d 588, 596 (2009). As Sample persuasively argues, a representative action under PAGA is not "similar" to Federal Rule of Civil Procedure 23 such that a PAGA claim should be considered a "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); see also Sample, 2010 WL 4939992, at *3-5. Adding further support to the view that a PAGA claim is not a class action is the Ninth Circuit's recent opinion in Urbino v. Orkin Servs., Nos. 11-56944, 11-57002, 12-55064, 2013 WL 4055615 (9th Cir. Aug. 13, 2013), in which the Ninth Circuit concluded that the penalties recoverable under PAGA in a representative action on behalf of all aggrieved employees cannot be aggregated to satisfy the jurisdictional minimum for diversity jurisdiction. Finally, Removing Defendants' reliance on Coll. Of Denal Surgeons v. Conn. Gen. Life Ins. Co., 585 F.3d 33 (1st Cir. 2009), is not persuasive because the plaintiff in that case plainly attempted to allege a class action.

For all of the foregoing reasons, the Court concludes that Removing Defendants have not met their burden to establish jurisdiction under CAFA. Specifically, the Complaint has not stated a "class action" as defined by 28 U.S.C. § 1332(d)(1)(B). The Court therefore remands this action to the Santa Barbara County Superior Court, Case No. 1418060, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.